**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

**BRIAN GIBBS, and BLAIR AUTO MALL, LLC,**

**Plaintiffs,**

**vs.**

**AUTO-OWNERS INSURANCE COMPANY,**

**Defendant.**

**8:26CV538**

**ORDER TO SHOW CAUSE**

This matter comes before the Court *sua sponte* after review of the pleadings. The Court has an independent obligation to determine whether subject matter jurisdiction exists in each case. *See Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affs.*, 439 F.3d 832, 836 (8th Cir. 2006). "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

On May 20, 2026, Plaintiffs, Brian Gibbs and Blair Auto Mall, LLC, d/b/a Gretna Auto Outlet, filed a Complaint in Sarpy County District Court against Defendant, Auto-Owners Insurance Company, seeking damages in excess of $400,000 for breach of an insurance contract. (Filing No. 1 at p. 6). Defendant removed the case on September 15, 2026, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Diversity jurisdiction is limited to cases in which the "controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" See 28 U.S.C. § 1332(a).

In the Notice of Removal, Defendant alleges, "Plaintiff Blair Auto Mall, LLC, d/b/a Gretna Auto Outlet is a corporation organized and existing under the laws of the State of Nebraska, with its principal place of business in Gretna, Nebraska." (Filing No. 1 at ¶ 2). However, for purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members. See *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the

citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *see also Haas as Tr. of Bira Rabushka Living Tr. v. Rabushka*, No. 4:23-CV-1304 RLW, 2023 WL 6879663, at *1 (E.D. Mo. Oct. 18, 2023) ("[F]or LLCs, the Court must examine the citizenship of each member of the LLC to determine whether it has diversity jurisdiction."). And, if any members of the LLC "are themselves LLCs, partnerships, or limited partnerships, information concerning their underlying members or partners must be alleged in accordance with the rules applicable to each such type of entity, through however many layers of ownership there may be," until either individuals or corporations are identified as the owner(s). *OHM Hotel Grp., LLC v. Dewberry Consultants, LLC*, No. 4:15-CV-1541 CAS, 2015 WL 5920663, at *1 (E.D. Mo. Oct. 9, 2015).

Defendant's Notice of Removal does not identify each of Blair Auto Mall, LLC's members (or indeed, any member) and each member's State of citizenship. *See Cypress Creek Renewables Dev., LLC v. SunShare, LLC*, No. 18-CV-2756 (PJS/DTS), 2018 WL 5294571, at *1 (D. Minn. Oct. 24, 2018) ("[I]n order to plausibly allege the existence of diversity jurisdiction in a case involving an LLC, a notice of removal must identify all of the members of the LLC and, as to each such member, its citizenship."). Therefore, the pleadings before the Court do not establish it has subject matter jurisdiction.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (2012). Accordingly, the Court will grant Defendant leave to file an amended Notice of Removal that plausibly alleges the existence of diversity jurisdiction.

**IT IS ORDERED:** Defendant shall filed an amended Notice of Removal to plausibly allege this Court's subject matter jurisdiction on or before **September 30, 2026**. Failure to do so may result in remand of this action without further notice.

Dated this 16th day of September, 2026.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge